UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANICE HENNESSEY,<br><br>                  Plaintiff,<br>     v.<br><br>RADIUS GLOBAL SOLUTIONS LLC et al.,<br><br>                  Defendant. | CASE NO. 3:24-cv-05654-DGE<br><br>ORDER ON MOTION TO STRIKE (DKT. NO. 25) |

**I      INTRODUCTION**

This matter comes before the Court on Plaintiff's motion to strike the affirmative defenses of Defendant Trans Union LLC ("Trans Union").  (Dkt. No. 25.)  Trans Union filed a response (Dkt. No. 32), to which Plaintiff replied (Dkt. No. 33).  For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

**II      BACKGROUND**

Plaintiff, proceeding pro se, first filed her Complaint on August 8, 2024.  (Dkt. No. 1.)  Plaintiff's First Amended Complaint claims that Trans Union, amongst other Defendants,

violated the Washington Fair Credit Reporting Act ("WFCRA"), Wash. Rev. Code § 19.182.020; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; the Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code § 19.86; and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq*. (Dkt. No. 14 at 23–64.) Plaintiff also brings several common law tort claims, including defamation, negligence, emotional distress, and invasion of privacy. (*Id*. at 42–61.) On September 13, 2024, Trans Union filed its Answer, which asserts twelve affirmative defenses:

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Trans Union's reports concerning Plaintiff were true or substantially true.

3. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

6. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7. Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

8. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

10. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

11. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First

> Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.
>
> 12. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

(Dkt. No. 17 at 104–105.) On September 27, 2024, Plaintiff filed the instant motion to strike Trans Union's twelve affirmative defenses.

## III    DISCUSSION

### A. Legal Standard

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *White v. Univ. of Washington*, No. 2:22-CV-01798-TL, 2023 WL 3582395, *2 (W.D. Wash. May 22, 2023). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). As with the other Rule 12 provisions, Rule 12(f) must be construed alongside the general pleading standards of Rule 8. *See* Fed. R. Civ. P. 8(b)(1)(A) ("In responding to a pleading a party must: state in short and plain terms its defenses to each claim asserted against it"), 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]").

The courts in this circuit are divided over what pleading standard governs an affirmative defense. While some have concluded that the heightened plausibility pleading standard outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies in the context of affirmative defenses, others maintain that the less demanding

1  "fair notice" standard continues to apply.  *See White*, 2023 WL 3582395, at *4 (collecting
2  caselaw on both sides of the split); *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020
3  WL 2063663, *2 (W.D. Wash. Apr. 29, 2020) (discussing the split and collecting caselaw.)  In
4  this district, courts have generally declined to adopt the heightened plausibility pleading standard
5  for evaluating affirmative defenses.  *See White*, 2023 WL 3582395 at *5 ("Absent clearer
6  guidance from the Supreme Court or the Ninth Circuit, the Court declines to adopt the
7  heightened plausibility pleading standard for asserting an affirmative defense"); *Am. Rsch. Cap.*
8  *LLC v. H NU Photonics LLC*, No. C22-607-MLP, 2022 WL 22258089, *2 (W.D. Wash. Aug.
9  18, 2022) ("Although the Ninth Circuit has yet to definitively settle the issue, courts in this
10 district have generally interpreted 'fair notice' to require something less than the factual
11 specificity required of a complaint under *Iqbal/Twombly* while still providing some factual basis
12 to the asserted defense"); *Grande*, 2020 WL 2063663, at *1–2 ("This Court … while not
13 transplanting the heightened pleading standard of *Iqbal/Twombly* to affirmative defenses, will
14 require (in the interests of fair notice) that Defendants provide at least some facts indicating the
15 grounds on which the defense is based"); *Smith v. Bank of New York Mellon*, No. C19-0538-
16 JCC, 2019 WL 3428744 (W.D. Wash. July 30, 2019) (same); *Bushbeck v. Chi. Title Ins. Co*., No.
17 C08-755, 2010 WL 11442904, *2 (W.D. Wash. Aug. 26, 2010) (same).
18      The Court finds the analysis in these opinions persuasive.  Notably, the Ninth Circuit has
19 approvingly referenced the fair notice standard rather than the *Twombly/Iqbal* standard in the
20 years after *Twombly* and *Iqbal*, which implies that the pleading standard has not changed.  *See*
21 *Garcia*, 918 F.3d at 1008; *Kohler v. Flava Enterprises, Inc*., 779 F.3d 1016, 1019 (9th Cir.
22 2015).  Moreover, a plain text reading of the differences in language between Rules 8(a)(2) and
23 8(c)(1) supports the conclusion that "the burden of showing an entitlement is heavier than that of
24

stating something, even if both must be pleaded in 'short and plain' terms." *White*, 2023 WL 3582395 at *5 (quoting Fed. R. Civ. P. 8(b)).  As the *White* court described: "a party asserting a claim—and therefore bearing the ultimate burden of showing its entitlement to relief—must plead 'a short and plain statement of the claim showing that the pleader is entitled to relief,' while [] a defending party must simply 'state in short and plain terms its defenses to each claim asserted against it' and 'affirmatively state any avoidance or affirmative defense[.]'" *Id.* (quoting Fed. R. Civ. P. 8(a), 8(b), 8(c)(1)); *see also Bushbeck*, 2010 WL 11442904, at *2 (noting the differences in language between Rules 8(a)(2) and 8(c)(1) and declining to apply the *Twombly/Iqbal* standard.)

      Accordingly, the Court assesses whether Trans Union's affirmative defenses provide a "short and plain statement" that affords sufficient fair notice of the affirmative defense and the grounds upon which it rests.  *See Grande*, 2020 WL 2063663, at *1–2; *Smith*, 2019 WL 3428744, at *1; *White*, 2023 WL 3582395, at *5.  "Detailed factual allegations are not required—simply '[p]leading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice' of the affirmative defenses to Plaintiff and the Court."  *White*, 2023 WL 3582395 at *7 (quoting *Rosen*, 222 F. Supp. 3d at 802).  "[A] party's mere reference to a legal doctrine or statutory provision without specifying the legal grounds and setting forth the elements of the defense does not provide sufficient notice."  *Guirguis v. U.S. Bank Nat'l Ass'n as Tr. for GSR Mortg. Loan Tr. 2006-4F Mortg. Pass-Through Certificate Series 2006-4F*, No. C18-1456-JCC, 2021 WL 779111, *2 (W.D. Wash. Mar. 1, 2021).

   **B. Analysis**

    1. <u>First Defense: Failure to State a Claim</u>

The Ninth Circuit is clear that failure to state a claim is not a proper affirmative defense. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). As the *Smith* court explained, "[t]he assertion of failure to state a claim upon which relief can be granted is not an affirmative defense; rather, it challenges the legal or factual sufficiency of a plaintiff's claims, and necessarily means that the plaintiff cannot meet his or her burden of proof." *Smith*, 2019 WL 3428744 at *1; *see also White*, 2023 WL 3582395 at *6 ("Failure to state a claim for relief is not an affirmative defense"); *Bushbeck* 2010 WL 11442904, at *2–4 (same). Accordingly, the Court STRIKES Defendants' first affirmative defense without leave to amend and notes that Defendant may challenge Plaintiff's claims in a motion for judgment on the pleadings under Rule 12(c) or in another dispositive motion later in litigation. *See* Fed. R. Civ. P. 12(c).[1]

2. Second and Third Defenses

An affirmative defense "is an assertion raising new facts and arguments that, if true, would defeat the plaintiff's claim, *even if the allegations in the complaint are true*." *Ramirez v. Olympic Health Mgmt. Sys., Inc.*, No. CV-07-3044-EFS, 2009 WL 1107243, *4 (E.D. Wash. Apr. 21, 2009) (emphasis added). Accordingly, an affirmative defense is established when a defendant admits the facts in a plaintiff's complaint and alleges facts that would prevent recovery even if the general complaint stands. *Id*; *see also Bell v. Nat'l Credit Sys., Inc.*, No.

---

[1] Rule 12(b)(6) establishes that a motion asserting failure to state a claim "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). Defendant has already filed an Answer, which is a responsive pleading. Thus, Defendant may not bring a Rule 12(b)(6) motion. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive pleading. Here, the Defendants filed their motion to dismiss after filing their answer. Thus, the motion should have been treated as a motion for judgment on the pleadings[.]") (internal citations omitted).

219CV01727RAJBAT, 2020 WL 1452552, *1 (W.D. Wash. Jan. 8, 2020) ("The purpose of affirmative defenses is to put the plaintiff on notice that matters extraneous to his prima facie case are in issue") (internal quotations omitted).  "[W]hen reviewing a motion to strike affirmative defenses, it is important to differentiate between an affirmative defense and a denial," which "points out a defect in or negates a plaintiff's prima facie case." *Padilla v. Experian Info. Sols., Inc.*, No. 23-CV-60669, 2023 WL 9228313, *2 (S.D. Fla. Oct. 13, 2023); *see also Guirguis,* 2021 WL 77911, at *2.

As multiple district courts have concluded in orders on motions to strike materially identical affirmative defenses filed by Trans Union, defenses two and three are not affirmative defenses.  *See, e.g., Padilla*, 2023 WL 9228313, at *3; *Alston v. Transunion*, No. GJH-16-491, 2017 WL 464369, *3 (D. Md. Feb. 1, 2017).  Yet Trans Union continues to confuse affirmative defenses with denials that negate plaintiff's prima facie case.

Trans Union's third affirmative defense states: "Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff."  (Dkt. No. 14 at 104.)  Trans Union's assertion that it followed reasonable procedures appears to be a denial of the facts in Plaintiff's Complaint, as Plaintiff alleges that TransUnion "failed to follow reasonable procedures to ensure maximum possible accuracy of the information concerning Plaintiff[.]"  (Dkt. No. 14 at 60.)  "[W]here a defendant pleads a denial as an affirmative defense, it should treat it as a specific denial and not grounds for striking it."  *Renn v. Otay Lakes Brewery, LLC*, No. 23CV1139-GPC(BLM), 2024 WL 2116056, *2 (S.D. Cal. May 10, 2024); *see Padilla*, 2023 WL 9228313, at *3 ("TransUnion's First Affirmative Defense reads: 'At all relevant times, Trans Union maintained and followed reasonable procedures . . . Because this seeks to negate Plaintiff's prima facie case rather than setting up

facts in justification or avoidance, TransUnion's First Affirmative Defense will be treated as a specific denial[.]'"). As denials are permitted under Rule 8(b), the Court construes this defense as a specific denial and declines to strike it. See Fed. R. Civ. P. 8(b)(1).

Similarly, Trans Union argues that its second affirmative defense—truthful reporting—is "appropriate where Plaintiff has specifically alleged violations of inaccurate reporting under the FCRA" because, under the FCRA, "there can be no liability for denials of credit caused by accurate and not-misleading consumer credit reports." (Dkt. No. 32 at 6, 5.) Yet as the *Alston* Court stated, "[a]ny assorted defense that is nothing more than a denial of the plaintiff's allegations of legal responsibility is both unnecessary and inappropriate." *Alston*, 2017 WL 464369, *3 (internal quotations omitted). The *Alston* Court concluded that this defense was improper and re-characterized it as a denial. *Id*. Accordingly, as to Plaintiff's FCRA claim, the Court will interpret this defense as a denial and not strike it. As to the common law defamation claim, truth is an appropriate affirmative defense and provides fair notice to Plaintiff.

    3. <u>Fourth Defense: Claims Barred by Statute of Limitations</u>

In its entirety, Trans Union's third affirmative defense states: "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations." (Dkt. No. 14 at 104.) This defense fails to meet the "fair notice" standard, as it does not provide Plaintiff with notice of which statute of limitations may apply or which of her many claims may be vulnerable to a defense on statute of limitations grounds. *See Smith,* 2019 WL 3428744, at *3 ("This boilerplate assertion does not give Plaintiff fair notice because it does not state the applicable statute of limitations or which of Plaintiff's claims are barred"); *Tollefson v. Aurora Fin. Grp., Inc*., No. C20-0297JLR, 2021 WL 462689, *2 (W.D. Wash. Feb. 9, 2021) (same); *Seattlehaunts LLC v. Thomas Family Farm LLC*, No. C19-1937JLR, 2020 WL 5500373, at *9 (W.D. Wash. Sept. 11,

2020) (same); *Guirguis,* 2021 WL 779111, *4 (finding that fair notice requires citing the statutes that defendant's allege apply and providing at least some facts upon which the defense is based). Accordingly, the Court STRIKES Trans Union's Fourth affirmative defense with leave to amend.

4. <u>Fifth Defense: Trans Union Acted Within Privileges Afforded under Law</u>

Trans Union agreed to withdraw its Fifth Affirmative Defense on October 11, 2024. (*See* Dkt. No. 32 at 8.) Therefore, the Fifth Affirmative Defense is STRICKEN without leave to amend.

5. <u>Sixth Defense: Claims Barred by Equitable Theories of Estoppel, Waiver, and Laches</u>

Trans Union agreed to withdraw its Sixth Affirmative Defense on October 11, 2024. (*See* Dkt. No. 32 at 8.) Therefore, the Sixth Affirmative Defense is STRICKEN without leave to amend.

6. <u>Seventh Defense: Plaintiff Failed to Take Reasonable Steps to Mitigate Damages</u>

This Court recently struck an identical affirmative defense submitted by Trans Union, concluding: "as written, the affirmative defense does not provide Plaintiff with notice of the basis of [her] alleged failure to mitigate." *See Bell v. Nat'l Credit Sys., Inc.*, No. 219CV01727RAJBAT, 2020 WL 1452552, *2 (W.D. Wash. Jan. 8, 2020).[2] So too here. Trans Union has not provided any indication of the nature or grounds for the affirmative defense. Accordingly, this defense is STRICKEN with leave to amend.

7. <u>Eighth, Ninth, and Tenth Defenses: Plaintiff's Damages Result from Acts or Omissions by Plaintiff, Other Parties, or Non-Parties</u>

---

[2] Trans Union asserts: "the fact that pro se Plaintiff may not understand each of the elements of the law does not render a reasonable, articulated affirmative defense improper." (Dkt. No. 32 at 6.) Yet it submitted and defended affirmative defenses that have been rejected by this Court and other federal district courts. Trans Union would do well to focus on the merits of its own pleadings.

Plaintiff asserts Trans Union's affirmative defenses alleging that Plaintiff's damages result from the actions of other parties, non-parties, or Plaintiff herself should be stricken as "boilerplate assertion[s]" that are "factually unsupported and speculative." (Dkt. No. 33 at 7–8.) Defendant responds that these affirmative defenses meet the pleading standard. (Dkt. No. 32 at 9–10.) Yet this Court and other courts in this circuit have recently struck materially identical affirmative defenses submitted by Trans Union. *See Bell,* 2020 WL 1452552, at *3; *Banks v. TransUnion*, LLC, No. 221CV01580CDSEJY, 2024 WL 402661, *11 (D. Nev. Feb. 1, 2024). Likewise, these threadbare affirmative defenses fail to meet the pleading standard. As in Smith, the "recitation of the affirmative defense, without any specificity or facts to support it, does not give fair notice to Plaintiff how she or someone other than Defendants is at fault for her alleged damages." *Smith*, 2019 WL 3428744, at *2. Affirmative defenses eight, nine, and ten merely reference legal doctrines—contributory or intervening/superseding causation—without specifying the grounds or the elements of the defenses. *Guirguis,* 2021 WL 779111, at *2. On this basis, the Court STRIKES Trans Union's eighth, ninth, and tenth affirmative defenses with leave to amend.

8. <u>Eleventh Defense: Claims for Damages Violate Trans Union's Rights</u>

Trans Union agreed to withdraw its eleventh affirmative defense on October 11, 2024. (*See* Dkt. No. 32 at 10.) Therefore, the eleventh affirmative defense is STRICKEN without leave to amend.

9. <u>Twelfth Defense: Reservation of Right to Assert Additional Defenses</u>

Trans Union agreed to withdraw its twelfth affirmative defense on October 11, 2024. (*See* Dkt. No. 32 at 11.) Therefore, the twelfth affirmative defense is STRICKEN without leave to amend.

## IV    CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendant Trans Union's affirmative defenses is GRANTED IN PART and DENIED IN PART. Defenses One, Five, Six, Eleven, and Twelve are STRICKEN without leave to amend. Defenses Four, Seven, Eight, Nine, and Ten are STRICKEN with leave to amend. If Trans Union choses to file an amended answer, it must do so within 14 days from the issuance of this order.

Dated this 6th day of November, 2024.

David G. Estudillo
United States District Judge