UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANICE HENNESSEY,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>RADIUS GLOBAL SOLUTIONS LLC et al.,<br><br>　　　　　　Defendant. | CASE NO. 3:24-cv-05654-DGE<br><br>ORDER REQUESTING ADDITIONAL BRIEFING |

　　　　This matter comes before the Court on Defendant Experian Information Solutions Inc.'s ("Experian") motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim. (*See* Dkt. No. 26.)  The First Amended Complaint—which is 131 pages long—alleges numerous violations of federal and state law. (*See* Dkt. No. 14 at 23–64.)[1]  While Experian asserts that "the

---

[1] Plaintiff brings the following claims against Experian: violations of the Fair Credit Reporting Act (FCRA) (alleging violations of 15 U.S.C. §§ 1681b, §1681q, 1681e(b), and 1681a(q)(3) and invoking the civil remedies provided for willful and negligent noncompliance with the FCRA's requirements under 15 U.S.C. §§ 1681n and 1681o); violations of the GLBA (invoking 15 U.S.C. §§ 6801–09); violations of the Washington Fair Credit Reporting Act (invoking Wash. Rev. Code § 19.182.020); Identity Theft (invoking Wash. Rev. Code § 19.35.020); Defamation

ORDER REQUESTING ADDITIONAL BRIEFING - 1

Court should dismiss the First Amended Complaint, in full, with prejudice," its briefing does not address one cause of action alleged in the First Amended Complaint. (*Id*. at 2.)

Under the section of the Complaint entitled "Count Twelve," Plaintiff claims: "Experian failed to follow reasonable procedures to ensure maximum possible accuracy of the information concerning Plaintiff, in violation of §1681e(b)." (*Id*. at 60.) Although Plaintiff may seem to combine this cause of action with an alleged 15 U.S.C. § 1681b(f) violation (*see id*. at 59–60), it is most fairly construed as a separate claim.[2] Accordingly, the Court requests briefing from Experian on its motion to dismiss Plaintiff's 15 U.S.C. § 1681e(b) claim.

Additional briefing should be **no more than four pages** not including heading and signature line. Briefing is due by November 26, 2024. If Plaintiff wishes to provide a response to Experian's briefing, she may do so by December 5, 2024. Plaintiff's briefing should be **no more than four pages** not including heading and signature line.

IT IS SO ORDERED.

Dated this 19th day of November, 2024.

---

(invoking Wash. Rev. Code § 4.36.120); violations of the Washington Consumer Protection Act (invoking Wash. Rev. Code § 19.86.020); and Invasion of Privacy.

[2] 15 U.S.C. § 1681e(b) establishes: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." "In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information" and that it did so negligently or willfully. *Guimond v. Trans Union Credit Info. Co*., 45 F.3d 1329, 1333 (9th Cir. 1995). Contrastingly, § 1681(b)(f) of the FRCA prohibits using or obtaining a consumer credit report without a permissible purpose. *See* 15 U.S.C. § 1681b(f). To state a claim for a § 1681b violation, a plaintiff must allege that the Defendant used or obtained the plaintiff's credit report without a permissible purpose and must likewise put forth facts to show that the violation was willful or negligent. *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 671 (9th Cir. 2020). Violations of 1681e(b) and § 1681(b)(f) are actionable under either § 1681n or § 1681*o*. *See Guimond,* 45 F.3d at 1333, *Marino* 978 F.3d at 671.

David G. Estudillo
United States District Judge

ORDER REQUESTING ADDITIONAL BRIEFING - 3